IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

GARY LEON WEBSTER                                              PLAINTIFF
ADC #114018

v.                         No. 3:19-cv-112-DPM

CHARLENE HENRY, Prosecuting                                    DEFENDANT
Attorney, Jonesboro

### ORDER

**1.** The Court must screen Webster's complaint, as amended. № 1, № 8 & № 10; 28 U.S.C. § 1915A. Webster sued prosecuting attorney Henry in her personal and official capacities. № 10. He alleges Henry "did badger the judge . . . relentlessly" in contradiction to a sworn witness's testimony. № 8 & № 10. But a prosecutor is absolutely immune from suit in her personal capacity for acts taken as an advocate for the State. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). And Webster's official capacity claim for damages is barred by the Eleventh Amendment because it's the equivalent of suing the State of Arkansas. *Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989); *Morstad v. Department of Corrections and Rehabilitation*, 147 F.3d 741, 743–44 (8th Cir. 1998).

**2.** Webster also seeks prospective injunctive relief: he asks that his sentences in cases Henry prosecuted against him be reversed and

that all court proceedings in which she acted as a prosecutor be voided. № 8 & № 10. But if Webster wants to challenge his confinement, then he must do so in a *habeas corpus* petition, not a § 1983 suit. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

**3.** Webster's complaint will be dismissed without prejudice for failure to state a clam. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g). An *in forma pauperis* appeal from this Order and accompanying Judgment will not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

24 July 2019